**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS ANGUIANO-AGUIRRE, | No. 08-72965 |
| Petitioner, | Agency No. A092-685-965 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2011[**]

Before:    PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Jose Luis Anguiano-Aguirre, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The record does not compel the conclusion that Anguiano-Aguirre's untimely asylum application was filed within a reasonable period of time given any changed or extraordinary circumstances. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Dhital v. Mukasey*, 532 F.3d 1044, 1050 (9th Cir. 2008) (application filed 22 months after expiration of lawful nonimmigrant status expired was not reasonable). Accordingly, his asylum claim fails.

Substantial evidence supports the agency's finding that the gang member's threat to Anguiano-Aguirre did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment rather than persecution). In addition, substantial evidence supports the agency finding that Anguiano-Aguirre has not established a clear probability of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative); *see also Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("An applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live

in the country without incident . . . or when the applicant has returned to the country without incident.") (internal quotations and citations omitted). Accordingly, his withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of Anguiano-Aguirre's CAT claim because he failed to show that it is more likely than not that he will be tortured by or with the consent or acquiescence of Mexican authorities if returned to Mexico. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**